## KELLER *v.* FISHER.

Courts of equity do not generally view time as being of the essence of a contract, unless it appears from its terms, or from the conduct of the parties, that it was their design to make it so.

*A.* agreed, by writing, to sell to *B.* part of a tract of land described therein, for the sum of, &c., payable one-half in thirty days from the date thereof, and the balance in one year, the deed to be executed when the first payment should be made, and the other payment to be secured by lien on the premises. At the end of six days after the first payment became due, an agent of *B.'s* tendered the same; but *A.* refused to receive it, on the ground that the tender was too late. It did not appear whether the agent had authority to execute a mortgage or lien to secure the last payment. In a suit by *B.* for specific performance—

*Held*, that the tender was in time.

*Held*, also, that *A.* having placed his refusal on the ground that the tender was too late, the inquiry whether the agent had authority to execute the mortgage or lien was unimportant.

APPEAL from the *Clark* Circuit Court.

GOOKINS, J.—This action was brought by *Fisher* against *Keller* on the 10th day of *February*, 1853, to enforce the specific execution of the following contract:

May Term,
1856.

KELLER
v.
FISHER.

*Friday,*
*June 20.*

" The undersigned hereby agrees to sell to *Ellwood Fisher* the one twenty-fourth part of the strip of land on the *Ohio* river extending from the town of *Jeffersonville* to the lower basin, below the falls of said river, at the rate of 10,000 dollars for the whole, payable one-half in thirty days from date, the balance in one year. Deed to be made when first payment is made, the other payment to be secured by lien on the premises. *Jeffersonville, September* 25, 1848. *C. J. Keller."*

The complaint alleges that on the day or the day following the time fixed by the contract, he offered to make the first payment, provided said *Keller* would convey said property to him, and that he offered to perform the other stipulations of the contract to be by him performed, but that *Keller* refused to convey. The complaint states that afterwards the parties agreed, that in consideration that the plaintiff would, by a certain day, pay the sum of 500 dollars, the amount of the principal and interest of said purchase-money, he would, at the time of such payment, convey said land to the plaintiff. He alleges that on the appointed day, he tendered said sum of 500 dollars to *Keller*, and requested him to execute said deed, which he refused. The money averred to have been tendered was brought into Court.

A demurrer to the complaint was overruled, and the defendant answered, denying its allegations.

The Court trying the cause found for the plaintiffs, overruled a motion for a new trial, and adjudged that the defendant should convey the property to the plaintiff, and in default thereof, that it be conveyed by a commissioner.

The contract was given in evidence, which appeared to have been recorded *November* 1, 1848.

One *Moore* testified that a few days after the time of payment mentioned in the contract, and, as he believed, the day before it was taken to the recorder's office, an agent

May Term,
1856.

KELLER
v.
FISHER.

of the plaintiff made a tender to the defendant of gold coin in a bag, and stated that he wished to make the first payment on the contract, offering to count the money. The defendant told him he would waive the counting; that the tender was too late; and he refused to receive it. Witness did not know that the plaintiff's agent had any authority to execute a mortgage or lien to secure the last payment. Nothing was said about it.

The defendant was sworn as a witness, who gave as a reason for refusing the plaintiff's tender, and for declining to execute the deed, that after the making of the written contract, the plaintiff had verbally agreed with him to purchase the interest of his sister in the same property, which he held in trust for her, and because the plaintiff's offer did not include that interest, he declined it. There was other evidence, which did not materially vary the case, among which was a complaint filed by the defendant against the plaintiff, for the purpose of setting aside said contract; but at what time that suit was commenced the record does not show.

The defendant's objection to the performance of this contract, can not prevail. Courts of equity do not generally view time as being of the essence of the contract, unless it appear from its terms, or from the conduct of the parties, that it was their design to make it so. *Linton* v. *Potts*, 5 Blackf. 396.—*Brumfield* v. *Palmer*, 7 *id.* 227.—*Ewing* v. *Crouse*, 6 Ind. R. 312. We may say of this, as was said by *Dewey*, *J.*, in *Brumfield* v. *Palmer*, that there is nothing in the contract which shows that the parties considered the particular day on which the first payment was to be made and the deed executed material. These acts were to be done on the 25th of *October*, and the vendee tendered the first payment on the 31st of that month, six days after the time. The case of *Ewing* v. *Crouse*, *supra*, is one in which time was held essential, both by the contract itself and the conduct of the parties. The instrument contained a stipulation by the purchaser, that if he did not pay promptly, the 100 dollars paid on the contract should be considered as forfeited, and all obligation on the part of

the vendor null and void. The conduct of the parties in reference to this condition was stronger to show the time essential than the stipulation itself, and taking both together, we held that the vendor was not bound to convey.

That the agent of *Fisher* is not shown to have been empowered to execute a mortgage at the time of the tender of the money, is of no consequence. *Keller* did not put his refusal on that ground; but on the ground, as testified by *Moore*, that the tender was too late; or, as testified by himself, that the offer did not embrace a purchase of his sister's interest, in respect to which there was no valid obligation. *Keller* waived the counting of the money, declaring that he would not receive it. He was to execute a deed also, which he refused to do. Under these circumstances, the offer to execute a mortgage by *Fisher* would have been an idle ceremony, which the law does not require.

*Per Curiam.*—The judgment is affirmed with costs.

*W. T. Otto* and *A. Lovering*, for the appellant.

*C. Dewey*, for the appellee.

