Per Curiam.

Here wras a promise to pay for the papers by the defendant below, before they were delivered to a third person ; and the only question is, whether the credit was given originally and solely to the defendant. The evidence #lairly warrants the construction, that the credit wras so given; and, therefore, it is not within the statute of frauds, requiring a note in writing, in order to charge one person for the debt or default of another. This was never the debt of the nephew. His uncle made the contract; and the nephew, when he took the papers, explained that his uncle would be responsible for them. It was not a collateral agreement, but an original and absolute contract on the part of the defendant, for the price of the papers to be furnished for the use of his nephew. The judgment of the court below ought, therefore, to be affirmed.
Judgment affirmed, (a)
(b)

 In Jones v. Cooper. (Cowper, 227.) Lord Mansfield took a distinction, that “ where the undertaking is before delivery, and there is a direction to deliver the goods, and I will see them paid for, it is not within the statute of frauds.” But m Martin v. Whatman, (2 Term Rep. 80 ) the court said, that distinction had been overruled. Though Buller, J., said, that the reason of Lord Mansfield struck him forcibly, and that if it was a new question, his mind would be the other way ; yet, now, the authorities were not to be shaken ; and “ the general line taken is, that, if the person for whose use the goods are furnished, be liable at all, any other promise by a third person to pay that, debt, must be in writing, otherwise it is void by the statute of frauds.” (Bull. JV. P. 280, 281, 282. 2 East's Rep. 325. 1 Hen. Bl. 120. Keate v. Temple, 1 Bos. <y Pull. 158.) The question is, To whom was the original credit given ?

 So, where the plaintiff was endorser of a note made by B. for his accommodation, and B., who was also indebted to the plaintiff, having a sum of money and goods, with which he was ready to pay the note, &c., and to secure the plaintiff, it was agreed between the plaintiff, B., and the defendant, that B. should place the money and goods in the hands of the defendant, who should pay the note, &c., and B. accordingly delivered the money and the goods to the defendant, who thereupon undertook to pay the note, &c.: held that this was not a promise or undertaking, for the debt or default of another, within the statute of frauds; and the defendant having failed to perform his agreement, the plain tiff is entitled to recover damages for the breach of the contract. Olmstead v Greenly. 18 Johns. Rep. 12. Farley v. Cleveland, 4 Cowen, 432. 9 Comen, C39 Chapin v. Merrill, 4 Wendell's Rep. 657.