EMSHWILLER v. TYNER.

[No. 2061.    Filed October 1, 1896.]

CONTRACTS.—*For Purchase of Real Estate.*—A contract for the purchase of a lot to be platted from a specified tract of real estate, the location of the lot to be determined in the future, and the method of the ascertainment pointed out, is valid, and may be enforced.

From the Blackford Circuit Court.  *Reversed.*

*D. H. Fouts, Aaron M. Waltz, W. H. Carroll* and *G. D. Dean,* for appellant.

*Enos Cole, Jay A. Hindman, J. A. Bonham* and *Elisha Pierce,* for appellee.

LOTZ, J.—A demurrer was sustained to appellant's complaint in the court below, and this ruling is the error assigned in this court.

The complaint avers that the plaintiff and defendant entered into a written contract by the terms of which the plaintiff agreed to secure, locate and cause to be constructed a canning factory on a certain tract of land in Blackford county; the said canning factory to be used for the purpose of canning vegetables from year to year as the market might demand. Said factory to have a capacity for canning twenty thousand cans per day, and to employ one hundred and forty hands when in full operation; said factory to be ready to operate for the season of 1895.

In consideration of the location of the factory the defendant agreed to purchase one of seventy-four lots; which lots were thereafter to be platted out of the east part of the south half of the northwest quarter of the northeast quarter of section 10, township 23 north, of range 10 east, in Blackford County, Indiana.   Also to

purchase three shares of the paid-up, non-assessable stock of the Blackford Canning Co., said shares to be of the face value of $25 each. And the defendant agreed to pay the plaintiff for said lot and shares of stock, the sum of $150 in six equal payments of $25 each, due in 6, 9, 12 and 18 months respectively, the notes given therefor to bear the date of the time when said canning factory should be organized.

It is further averred that at the time of making the contract and for a long time prior thereto, the land out of which the lots were to be platted was owned by the Hartford City Building and Paving Brick Co. and was commonly known as the White Elephant Brick Co. land; and that it was agreed and understood by the plaintiff and defendant that the lands which were to be platted were the lands known as the White Elephant Brick Company land, which lands are properly described as the south half of the northwest quarter of the northeast quarter of section 10, township 23, range 10 east, in Blackford county, being all the lands owned by the Building and Paving Company in said county. It is also averred that by the mistake of the typewriter who prepared the contract, and by the mutual mistake of the plaintiff and defendants the lands were erroneously described as first above set out. It also appears from the averments and from the copy of the contract filed with the complaint that the plaintiff's undertaking was that there should be sold seventy-four lots to be platted out of said lands, the lots to be 50 by 120 feet each. The contract also provides that the lots should be distributed or assigned to the purchaser as they might thereafter determine. It is averred that the purchasers met and distributed to the defendant the following described real estate in Blackford county, Indiana, to-wit: Lot No. 7 in Emshwiller and Adams addition to Hartford City. Being a part of

the south half of the northwest quarter of the north-east quarter of section 10, township 23 north, of range 10 east, beginning 183.38 feet north and 1,160 feet east of the southwest corner of the above described tract, running thence north 138.9 feet; thence east 50 feet; thence south 138.9 feet; thence west 50 feet, to the place of beginning. It is further alleged that the canning company was incorporated and the factory located, and that the plaintiff fully complied with all the conditions thereof resting upon him; that he caused a warranty deed to be executed, describing the lands as last above set out, and caused the shares of stock to be issued, and that he tendered said deed and stock to the defendant and demanded compliance with said contract on his part; that the defendant refused, and he brought the deed and shares of stock into court to keep the tender good.

According to the statement of counsel the demurrer was sustained because of the insufficiency of the description of the real estate contained in the written agreement.

It is the office of a description to furnish the means of identification. In an executed contract, if the lands cannot be located from the description, the conveyance fails. It is void for uncertainty. *Peck* v. *Sims,* 120 Ind. 345.

The description in the contract is the east part of the south half of the northwest quarter of the northeast fourth, section 10. In the case of *Howell* v. *Zerbee,* 26 Ind. 214, the description was " 'a part of lot 3, section 36, township 33, range 4 west, containing five acres, situated in *Starke* county and the State of *Indiana.*' " The court said of this description: "It contains a patent ambiguity, in not defining the particular part of lot 3 intended, and there is nothing in the description by which the part intended can be ascer-

tained and rendered certain. It is therefore void for uncertainty."

In some jurisdictions it is held that a grant of a certain number of acres out of a particular tract, without designating what part, will authorize the grantee to locate it in any part of the tract. *Wofford* v. *McKinna*, 23 Tex. 36, 76 Am. Dec. 53; *Walsh* v. *Ringer*, 2 Ohio 328, 15 Am. Dec. 555; *Hay* v. *Sorrs*, Wright (Ohio), 711.

But no such rule has ever prevailed in this State. Here it has been uniformly held that in an executed grant the description must be sufficient to identify and ascertain the lands or the grant fails. *Porter* v. *Byrne*, 10 Ind. 146, 71 Am. Dec. 305; *Jolly* v. *Ghering*, 40 Ind. 139; *City of Crawfordsville* v. *Irwin*, 46 Ind. 438.

It will be observed that the contract in the case at bar is not a grant. It is only an agreement to convey in the future. It is not executed in compliance with the requirements of the statute for the conveyance of the title to real estate.

It is settled that if the contract be to convey a certain number of acres out of another larger tract, the location of the grant to be determined in the future and the method of the ascertainment pointed out, the contract is valid and may be enforced. *Carpenter* v. *Lockhart*, 1 Ind. 434; *Washburn* v. *Fletcher*, 42 Wis. 152; *Cheney* v. *Cook*, 7 Wis. 357.

But if it be conceded that the description in the contract be defective it is shown by the averments that the ambiguity and uncertainty was removed by the subsequent acts of the parties. It is. alleged that the plaintiff and the purchasers of the lots (which includes the defendant) met and distributed or assigned a certain definitely described parcel of land to the defendant, and the plaintiff offered to convey such tract to the defendant. That which was uncertain has been

rendered certain by the acts of the parties themselves, and that, too, in pursuance of the contract. This conduct is an exposition of the contract by the parties themselves, and they best knew what their intention was, and what they believed their contract to mean. *Louisville, etc., R. W. Co.* v. *Reynolds,* 118 Ind. 170.

The appellee insists that the contract is void as against public policy for the reason that the property was to be distributed by a lottery, and cites *Lynch* v. *Rosenthal,* 144 Ind. 86. But there is nothing in the contract or in the averments that shows that the lots were of unequal value or that they were parceled out by lot.

The complaint is sufficient.

Judgment reversed, with instructions to overrule the demurrer to it.