RANDALL *et al.* v. BURK TWP. OF MINNEHAHA COUNTY *et al.*

In an action to enjoin the opening of roads and the assessment of real es-
   tate according to section lines, where a defendant township entered into
   a stipulation limiting the issues to the question whether a survey locat-
   ing such lines conformed to government lines, and waiving objections
   to the pleadings, it was not an abuse of discretion for the court, on a
   second trial, to permit it to show that, since becoming a party to the
   stipulation, nearly all the property owners within it had recognized
   such survey as correct, and that the highways and property rights of
   persons not parties to the suit had been adjusted on the basis thereof,
   and for such reasons to release it from the stipulation; at the same time
   permitting plaintiff to amend without terms.

(Opinion filed May 21, 1898.)

Appeal from circuit court, Minnehaha county.   Hon.
JOSEPH W. JONES, Judge.

Action by Polina Randall and others against Burk town-
ship, Minnehaha county, and others, to enjoin the opening of
roads and assessment of property with reference to an alleged

incorrect survey.   From a judgment for defendants, plaintiffs appeal.   Affirmed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees,* for appellants.

*Hosmer H. Keith,* for respondents.

HANEY, J.   Upon the trial of this action the defendants objected to the introduction of any evidence, for the reason that the complaint does not state facts sufficient to constitute a cause of action; pointing out specifically the respects wherein the complaint is defective.   Thereupon plaintiffs offered in evidence the following stipulation made in open court upon a preceding trial of the same cause:   "It is stipulated and agreed in open court by and between the parties to this action that the only issue to be tried and determined by the court is whether the survey made by E. H. Van Antwerp, deputy county surveyor of Minnehaha county, of the lines in Burk township, in the year 1887, is in accordance with the government survey thereof, and that no objection will be made to the sufficiency of the complaint for said purpose, or to the jurisdiction of the court.   It is further stipulated and agreed that, if the court finds said survey by E. H. Van Antwerp to be in accordance with the government survey, he shall render judgment for the defendants; and, if he finds that it is not in accordance with the government survey, he shall render judgment for the plaintiffs."   Defendants objected to the stipulation, and asked leave to show why they should be relieved therefrom. Such leave was granted, and they showed by an uncontradicted affidavit: That "at the time the stipulation was made, many of the land-owners in said township had not accepted the lines as

established by the Van Antwerp survey made in 1887. That there was more or less dispute concerning the true location of the original government corners throughout said township. That the highways at that time had not been worked and used throughout the township on the Van Antwerp survey. That since the former trial of this action, and within the last few years, nearly all of the property owners of said township have accepted the said Van Antwerp survey, and the lines established by said survey, as the true and correct lines and boundaries. That the highways have been graded and worked on the section lines and lines established by the Van Antwerp survey nearly throughout said township. That there are about one hundred voters in said Burk township, and there are not to exceed eight property owners in said township, who reside therein, who have not accepted the said Van Antwerp survey, and the lines and boundaries as established by his said survey; and for that reason these deponents, as such supervisors of said township, are not willing, and are not authorized, to make a stipulation that shall affect the interest of property owners in said township who have accepted the said Van Antwerp survey and made improvements accordingly, and who are not parties to this action. That, when the stipulation was made on the former trial of this action, defendants' attorneys were authorized to make said stipulation for the purposes of that trial only, and that matters have so changed in said township, as hereinbefore set forth, that these deponents, representing themselves as well as the township, are unwilling to be further bound by said stipulation. That said former stipulation was only an oral stipulation, and these deponents are informed and believe and charge the truth to be, the same was not signed

by the parties or their attorneys, but was entered by the stenographer as a part of the trial of that cause." Upon this showing and an offer by defendants to proceed to trial at once upon proper issues being framed, the court relieved them of the stipulation, and granted plaintiffs leave to amend without terms. Plaintiffs declined to amend, and the action was dismissed. Appellants concede that the application to be relieved from the effects of the stipulation was addressed to the discretion of the trial court, and that its ruling will not be reversed unless it appears that such discretion was abused. In view of the changed conditions of those interested in the litigation, and the opportunity given plaintiffs to amend without terms, or causing any delay, we think the learned circuit court acted with entire fairness, and its ruling must be sustained. The judgment is affirmed.