MELDRUM v. KENEFICK.

1. Comp. Laws, § 4277, declares that: "A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promiser, and need not be in writing: * * * Where the creditor parts with value or enters into an obligation in consideration of the obligation in respect to which the promise is made, in terms or under circumstances such as to render the party making the promise the principal debtor, and the person in whose behalf it is made his surety." Defendant had a conversation with plaintiff with respect to building a house on a farm occupied by defendant's brother, and plaintiff told defendant he could not build it on the brother's account. Defendant thereupon told him to go ahead and "I will see that you get your money." *Held*, an original undertaking on defendant's part, within the statute, and binding though not in writing.

2. An objection that a contract of guaranty is void because not in writing, as required by the statute of frauds, cannot be raised for the first time in the supreme court.

3. Under Comp. Laws, § 4934, providing that no variance between pleading and proof shall be deemed material unless the other party is actually misled to his prejudice, etc., an alleged variance should be

disregarded by the trial court where the other party fails to suggest that he has been misled.

4.  Comp. Laws, § 5032, provides that an issue of law must be tried by the court, and that an issue of fact for the recovery of money only must be tried by a jury, unless a jury trial be waived as provided in section 5065. Section 5065 declares that "trial by jury may be waived by the several parties to an issue of fact in actions arising on contract or for the recovery of specific real or personal property with or without damages, and with the assent of the court in other actions," by written consent filed with the clerk. *Held*, not to require the court, without its consent, to try issues of fact in a common-law action, though the parties have, by written stipulation, waived a jury trial.

5.  Relieving the parties from a stipulation is within the discretion of the court, and will not be reviewed unless the discretion is abused.

(Opinion filed March 1, 1902.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by J. G. Meldrum against M. R. Kenefick. Judgment for plaintiff, and defendant appeals. Affirmed.

*Robertson & Dougherty,* for appellant.

*R. W. Hobart* and *Bailey & Voorhees,* for respondent.

CORSON, J. This is an appeal from a judgment in favor of the plaintiff. The cause of action is stated in the complaint as follows: "That on or about the 20th day of October, 1892, the plaintiff, at defendant's request, entered into a contract with one Joseph S. Kenefick to erect and construct a house on the above described premises, ready for lathing and plastering, at the agreed price of fifty dollars, for which defendant agreed to pay plaintiff." The answer was a general denial. The case was tried to a jury, and the defendant, at the close of the plaintiff's evidence, moved the court to strike out the evidence of the plaintiff for the reason that it appeared from the same that he had not made a contract with

the defendant as alleged in his complaint, and because it appeared that the defendant had merely guarantied the payment of the contract. This motion was denied, and the plaintiff excepted. At the close of all the evidence the defendant moved the court to direct a verdict in favor of the defendant on the ground that the undisputed evidence in the case showed that the plaintiff claims to hold the defendant liable under a guaraty, and not as principal debtor. It is contended on the part of the appellant that inasmuch as in the complaint it is alleged that the plaintiff entered into a contract with the defendant for the erection of the building, and the evidence showed that he was simply a guarantor, and not the principal debtor, the plaintiff was not entitled to recover in this action, for the reason that such a contract, in order to bind the defendant, must be in writing, under the statute. It is contended on the part of the respondent in support of the judgment: (1) That the contract was in fact an original contract entered into by the defendant, upon which he is liable to the plaintiff; (2) that if the defendant was a guarantor, under the evidence, the plaintiff was entitled to recover, for the reason that no objection was made in the trial court that the guaranty was not in writing, and the defendant cannot raise that question for the first time in this court.

It appears from the evidence of the plaintiff that in 1892 he had a conversation with the defendant in regard to the building of a house on the farm then occupied by a brother of the defendant; that he had told the plaintiff his brother had the plan, and was in town, and requested the plaintiff to see him; that he saw the brother and the plan. And he further testifies: "I saw Joe, and afterwards saw the defendant, and said I would erect the house for $50. I told him I had talked with Joe, and he said I could build it; and then I said to defendant, 'I cannot on Joe's account.' De-

fendant then said, 'Well, you go ahead and build the house, and I will see that you get your money.' I built and completed it about the last of October." Plaintiff then testified to several conversations between himself and the defendant in regard to the payment, in one of which the defendant desired the witness to get the money out of his brother Joe—as he had done so much for him, he wanted Joe to pay it. Subsequently, defendant refusing to pay, the plaintiff brought this action. It will be observed from the evidence that he refused to build the house on "Joe's account", and that the defendant directed him to go ahead and build the house, and he would see that the plaintiff should get his money. It is true that the plaintiff spoke in some portions of his evidence of the defendant having guarantied the payment, and that he requested the brother to pay it; but, in our view, the case comes clearly within the provisions of subdivision 2, § 4277, Comp. Laws, which reads as follows: "A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promiser, and need not be in writing: * * * (2) Where the creditor parts with value, or enters into an obligation, in consideration of the obligation in respect to which the promise is made, in terms or under circumstances such as to render the party making the promise the principal debtor, and the person in whose behalf it is made his surety. * * * " At the time the contract was made with the defendant, no debt existed on the part of his brother, and the plaintiff distinctly refused to erect the building upon the brother's responsibility. It is clear from the plaintiff's evidence that he relied entirely upon the agreement of the defendant to pay him, or see him paid, for erecting the building. Ordinarily, when one agrees to pay the debt of another, which has already been contracted, the party is strictly a guarantor, and his guaranty must be in writing;

374     Meldrum *v.* Kenefick.

Opinion of the Court—Corson, J.    [15 S. D.

but when the contract is originally made with the party sought to be charged, and the party seeking to enforce the contract relied exclusively upon the responsibility of such party, the contract is an original one, and need not be in writing. Section 4277, Comp. Laws, is a copy of section 1538 of the proposed code for the state of New York; and the code commissioners of that state refer to the following cases, among others, as the basis for this subdivision of the section: Chase v. Day, 17 Johns. 114; Quintard v. De Wolf, 34 Barb. 97; Devlin v. Woodgate, *Id.* 252; Darlington v. McCunn, 2 E. D. Smith, 411. The case of Chase v. Day, *supra*, was an action by the plaintiff, Day, to recover of the defendant, Chase, for newspapers sold and delivered to him. On the trial it was shown that Chase, the defendant, called at the printing office of Day, and, after some conversation in regard to the terms on which Day would let the nephew of the defendant have newspapers, the defendant Chase said: "If my nephew should call for papers, I will be responsible for the papers that he shall take." In discussing the case the supreme court of New York says: "Here was a promise to pay for the papers by the defendant below, before they were delivered to a third person, and the only question is whether the credit was given originally and solely to the defendant. The evidence fairly warrants the construction that the credit was so given, and therefore it is not within the statute of frauds, requiring a note in writing in order to charge a person for the debt or default of another. * * * It was not a collateral agreement, but an original and absolute contract on the part of the defendant for the price of the papers to be furnished for the use of his nephew." But if the contract was one strictly of guaranty, the plaintiff was entitled to recover, as his evidence was admitted without objection, and it is too late in this court to raise the question that the contract was

not in writing. The most that could be claimed for the evidence
would be that there was a variance between the allegations of the
complaint and the proof. No such variance, however, was sug-
gested at the trial, and hence the variance is not a ground for re-
versing the judgment in this court. Section 4934 provides: "No
variance between the allegation in a pleading and the proof shall
be deemed material, unless it have actually misled the adverse party
to his prejudice, in maintaining his action or defense, upon the
merits. Whenever it shall be alleged that a party has been mis-
led, the fact shall be proved to the satisfaction of the court, and in
what respect he has been misled; and thereupon the court may order
the pleadings to be amended, upon such terms as shall be just."
So far as the record discloses, defendant made no suggestion that he
had been misled by the alleged variance; and hence, if there was
a variance, it was the duty of the trial court to disregard it. We
are of the opinion that the court properly overruled the defendant's
motion to strike out plaintiff's evidence, and for the direction of the
verdict in defendant's favor.

Some time prior to the trial the parties stipulated that the
case should be tried by the court upon ten days' notice to the de-
fendant or his attorneys. When the case was called for trial, coun-
sel for the plaintiff stated that the plaintiff was unable to comply
with the stipulation, for the reason that the court had declined to
try the issues of fact in the case without a jury, and asked to be re-
lieved from the stipulation. This request was granted, the court
stating that it had informed counsel for both parties that it would
not try the case in vacation, and that the case was one for a jury,
and it declined to act under the stipulation. To which ruling the
defendant excepted. The defendant contends that the court erred
in relieving the plaintiff from the stipulation, and in declining to

try the issue of fact, and also in requiring the defendant to proceed to trial, as the ten days' notice had not been given. Section 5032, Comp. Laws, reads as follows: "An issue of law must be tried by the court or by the judge. An issue of fact for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived as provided in section 5065. Every other issue is triable by the court, which, however, may order the whole issue or any specific question of fact involved therein, to be tried by a jury, or may refer it as provided in sections 5071 and 5072." Section 5065, Comp. Laws, reads as follows: "Trial by jury may be waived by the several parties to an issue of fact in actions arising on contract, or for the recovery of specific real or personal property, with or without damages, and with the assent of the court in other actions, in the manner following: * * * (2) By written consent, in person or by attorney, filed with the clerk. * * * " The contention of the defendant that the court is required to try the issues of fact when a jury is waived as provided by subdivision 2, § 5065, is untenable. In our opinion, it was not the intention of the legislature, in adopting these provisions, to compel the court to try issues of fact in a common-law action without its consent, although the parties may have, by written stipulation, waived a jury trial. The evident object of section 5032 is to secure to parties a jury trial in the classess of cases specified in the section, unless such jury trial is waived in the manner provided by section 5065, and not to impose upon the court the duty of trying the issues of fact, unless it consents to do so. Relieving the parties from a stipulation is in the discretion of the court (Randall v. Burk T., 11 S. D. 40, 75 N. W. 276,), and its discretion is not reviewable in this court, unless there has been an abuse of such discretion. In this case no such abuse of discretion is shown.

Whether or not the trial court erred in requiring the defendant to go to trial at the time the case was called cannot be determined from the record in the case, as the showing made for a continuance is not presented. The stipulation had been, as we have seen, vacated and set aside, and hence the stipulation for the ten days' notice was no longer in force. In the absence, therefore, of the showing made for the continuance, we must presume, in favor of the judgment, that the court ruled correctly upon such an application, if one was in fact made.

The judgment of the circuit court is affirmed.