W. H. SCHUYLER v. F. E. WHEELON AND S. W. WHEELON.

Opinion filed February 21, 1908.

**Vendor and Purchaser — Certainty of Description.**

1. An executory contract for the sale of an interest in certain real property for townsite purposes, not exceeding thirty acres in extent, to be selected and platted into blocks and lots by the grantee from a larger tract, which is specifically described, *held* not void on account of uncertainty of description.

**Same.**

2. The contract provides a method for determining the property to be sold, and this was sufficient. The maxim that "That is certain which can be made certain" is applied.

**Appeal — Statute of Fraud — Objection Raised Below.**

3. Appellant's contention that the contract was void under the statute of frauds is not available to him in this court, as such defense was not raised or passed upon in the court below.

Appeal from District Court, Benson County; *Kneeshaw, J.*

Action by W. H. Schuyler against F. E. Wheelon and S. W. Wheelon. Judgment for defendants, and plaintiff appeals.

Affirmed.

*R. A. Stuart, McClory & Barnett,* and *Bangs, Cooley & Hamilton,* for appellant.

An instrument void on its face may cloud a title, and action may be sustained to remove it. Revised Codes 1905, section 6626; Power v. Kitching, 10 N. D. 254, 86 N. W. 737; Stokes v. Allen, 89 N. W. 1023.

A contract designed to supersede another, cannot be read to determine the intention of the parties to the latter. Overbeck v. Association, 17 Mo. App. 310.

A contract that fails to show quantity and location of land is void. Nippolt v. Kammon, 40 N. W. 266; Hamilton v. Harvey, 13 N. E. 210; Pierson v. Ballard, 20 N. W. 193; Appeal of Holthouse, 12 Atl. 340; Thompson v. Gordon, 72 Ala. 455; Brockway v. Frost, 41 N. W. 411; Hollenbeck v. Prior, 5 Dak. 298, 40 N. W. 347.

A contract is void under the statute of frauds, that fails to sufficiently describe the land. Alabama Mineral Land Co. v. Jackson, 77 Am. St. Rep. 46.

—11—

Such a contract is a nullity. Wardell v. Williams, 4 Am. St. Rep. 814; Raub v. Smith, 1 Am. St. Rep. 619; Cheney v. Cook, 7 Wis. 413.

*T. F. McCue,* for respondent.

A contract that provides for sale of land, location to be determined and mode of ascertainment pointed out, is valid. Emshwiller v. Tyner, 44 N. E. 811; Carpenter v. Locker, 1 Ind. 434; Washburn v. Fletcher, 42 Wis. 152; Cheney v. Cooke, 7 Wis. 413; Jemima Branch, ex parte, 72 N. C. 106; Armijo v. Townsite Co., 5 Pac. 709.

Statute of frauds cannot be first urged in Supreme Court. Willard v. Elevator Co., 10 N. D. 407, 87 N. W. 996; Prior v. Sanborn County, 80 N. W. 169; Meldrum v. Kenefick, 89 N. W. 863.

FISK, J. This is an appeal from a judgment in defendants' favor rendered by the district court of Benson county, and comes here for trial de novo of the entire case.

Briefly stated the facts are that appellant, the owner of the S. W¼, section 30, township 152, range 68, entered into a contract with respondent, F. E. Wheelon, on May 6, 1901, as follows:

"This agreement made this 6th day of May, 1901, by and between W. H. Schuyler, party of the first part, and F. E. Wheelon, party of the second part: That whereas, the Northern Pacific Railway Co. has located and is about to construct a railroad over and across the following described land situate in the county of Benson, state of North Dakota, of which the said party of the first part is the owner, to-wit: The S. W. ¼ of Sec. No. 30, Town 152, Range 68. Now, therefore, in consideration of the payment by said second party of one dollar in hand, paid to said first party, the receipt whereof is hereby acknowledged, the party of the first part agrees that upon the location of townsite upon said land and upon the further consideration of the said party of the second part platting or causing to be platted, and advertising, etc., the above mentioned townsite, that he will convey to said second party by good and sufficient warranty deed, the undivided ½ of all lots contained in above mentioned plat at any time said lots may be sold. Said plat to contain thirty acres of any part of above mentioned ¼ section that second party may choose and shall be in close proximity to sidetrack. The party of the first part further agrees that he will not offer for sale any portion of above ¼ section for town-

site purposes except the above mentioned lots in above mentioned plat until such time as 75% of said lots have been sold. The party of the first part reserves the right to till said lots until such time as they shall be sold.

"In witness whereof, both parties have hereunto set their hands the day and year first above written.

"W. H. Schuyler.
"F. E. Wheelon.

"Signed and delivered in presence of
 "T. H. Deshane.
 "Francis E. Kain."

The execution of said contract was not acknowledged so as to entitle it to be recorded. Two days later, at the solicitation of said respondent and his attorney, another agreement was entered into between said parties as of the same date as the prior contract. This latter agreement is as follows:

"This agreement made this 6th day of May, 1901, by and between W. H. Schuyler, party of the first part, and F. E. Wheelon, party of the second part: Witnesseth, that whereas the Northern Pacific Railway Company has located a railroad over and across the following described lands, situated in the county of Benson, state of North Dakota, which land is now the property of first party and described as follows, to wit: The southwest quarter of section thirty in township number one hundred and fifty-two north, of range number sixty-eight west of the Fifth P. M. That in consideration of the sum of one dollar in hand paid by the said second party unto the party of the first part, the receipt whereof is hereby ackowledged, and services to be performed as hereinafter described, the said party of the first part hereby agrees to convey by good and sufficient warranty deed an undivided one-half interest of such portion of said southwest quarter of section thirty as second party may deem advisable to lay out and plat into blocks and town lots, which land shall be included in the townsite as located by the Northern Pacific Railway Co., and so much land in addition as second party may conclude to lay out and plat into blocks and town lots, however, not to exceed thirty (30) acres. Said conveyance shall be made by first party as soon as the said land is properly surveyed and platted. Second party agrees in consideration of the covenant of this contract, to properly survey, plat and lay out into

blocks and town lots said land. First party further agrees in consideration of the covenants of this contract, not to sell or offer for sale, any portion of said land or the aforesaid southwest quarter of section thirty, town and range aforesaid, except as herein provided, until at least seventy-five per cent of the lots which shall be platted and is to be platted under the terms of this contract by said second party, shall have been sold. It is further agreed by and between the parties hereto, that after said land is platted they shall be owners of all of such lots as shall be platted under the terms of this agreement, share and share alike. First party reserves the right to cultivate all of said lots.

"In witness whereof, the said parties have hereunto set their hands and seals the day and date first above written, in duplicate..

"W. H. Schuyler.

"F. E. Wheelon.

"By S. W. Wheelon, Atty. in Fact.

"[Acknowledgment.]"

It is appellant's contention that the latter contract was intended to supersede the former, and that the same is void because it is too vague and indefinite as to the description of the property affected thereby. The object of the action is to have the latter contract adjudged null and void and canceled of record, and to perpetually enjoin defendants from asserting any rights thereunder. The trial court dismissed the action for want of equity, holding said latter contract valid, and the description of the property sufficiently definite and certain.

It is respondents' contention, and such contention was upheld by the trial court, that the second contract was not intended to supersede the first, but, on the contrary, was intended to be of the same import as the first, and it was entered into solely because the first had been lost, and it was the desire to have the contract acknowledged and recorded. In other words, that it was the intention of the parties that both contracts were to be considered as one and the same. This contention on respondents' part is amply supported by the testimony, but it is unnecessary for us to determine this question. We are clear that the last contract is as definite in the description of the property as the first, and that the same should be sustained. A method was provided in the contract for determining the particular property to be transferred, and this is all that was necessary. The familiar maxim, "That is certain

which can be made certain" (Rev. Codes 1905, section 6685), when applied to the contract in question, renders the description sufficiently certain. The contract gave respondent F. E. Wheelon the right to lay out and plat into blocks and lots such portion of said southwest quarter, not exceeding 30 acres, as he "may deem advisable," or as he "may conclude to lay out and plat." His act in thereafter laying out and platting the same into blocks and lots would render the description definite and certain. As sustaining such a contract, see Emshwiller v. Tyner, 16 Ind. App. 133, 44 N. E. 811; Washburn v. Fletcher, 42 Wis. 152; Ex parte Jemima Branch, 72 N. C. 106. We have examined the cases cited by appellant's counsel in support of their contention in this respect, and they are not in point. The first case cited by them is that of Nippolt v. Kammon, 39 Minn. 372, 40 N. W. 266. The contract in that case contained no method for determining the land intended to be conveyed, and hence was properly held insufficient. To the same effect are the other cases cited by appellant's counsel. We cannot yield our assent to appellant's contention to the effect that the contract is invalid until a selection is made by defendant of the land by platting the same, and we have found no case, and none is cited, in support of such contention.

Appellant's last contention is that the contract is void under the statute of frauds. No such point was raised or passed on in the court below, and hence, under the well-established practice, this court will not consider the same. 6 Current Law, 1404, and cases cited; Prior v. Sanborn Co., 12 S. D. 86, 80 N. W. 169; Meldrum v. Kenefick, 15 S. D. 370, 89 N. W. 863.

We conclude that the judgment appealed from was correct, and the same is accordingly affirmed. Respondent to recover costs. All concur.