## JEREMIAH RYAN *vs.* ELIPHALET HALL.

H. signed a memorandum, as follows: "I have sold to R. four building lots; first two lots ninety feet front, depth about one hundred and fourteen and ninety six and a half; next two lots one hundred feet front, depth about ninety two and seventy six feet; all the above lots the same as laid down on the plan: First two mentioned lots at five cents a foot; next two lots at four and a quarter cents a foot:" R. brought an action against H., alleging in his declaration that he had tendered to H. twenty five per cent. of the price of said lots, and demanded a deed thereof; that he was ready to execute mortgages to H., to secure the other seventy five per cent. of said price, and that H. had refused to execute a deed: At the trial, R. offered parol evidence to prove that when said memorandum was executed, it was agreed between him and H., that one quarter part of the purchase money should be paid in cash, on the delivery of the deed, and that the other three quarters should be secured by notes and mortgages, and that the notes should be payable in one, two and three years, with interest yearly. *Held,* that this evidence was inadmissible, both because it would vary the written agreement, the legal effect of which was to pay cash on demand, within a reasonable time, and because it was offered in proof of the terms of a contract for the sale of land, contrary to the statute of fra ids.

Assumpsit on the following memorandum: "Methuen December the 5th 1846. This is to certify that I have sold to Jeremiah Ryan of Amesbury four building lots, commencing on the main road, on the west corner of Durant's land; first two lots 90 feet front, depth about 114 and $96\frac{1}{2}$; next two lots on the main road, 100 feet front, depth about 92 and 76 feet; all the above lots the same as laid down on the plan. First two mentioned lots at five cents a foot; next two lots at $4\frac{1}{4}$ cents a foot. E. Hall."

The plaintiff's declaration alleged, that he had tendered to the defendant twenty five per cent. of the price of said lots, and had demanded a deed thereof; that he was ready to execute mortgages to secure the other seventy five per cent. of said price; and that the defendant had refused to execute a deed to him.

At the trial before *Shaw*, C. J. the plaintiff produced the foregoing instrument, and gave evidence of its execution by the defendant. It was objected to by the defendant, but was admitted.

The plaintiff then offered parol evidence, to prove that at the time when the contract was made, and the said written memorandum executed, it was agreed that the contents of the lots should be ascertained by a reference to the plan, mentioned in the memorandum, but kept in the exclusive custody of the defendant; also that one quarter part of the purchase money should be paid in cash, on the delivery of the deed; and that the other three quarters should be secured by notes and mortgages, on the same terms on which the Essex Company offered their lands for sale, and that those terms were, to pay in three yearly instalments, at one, two and three years, with interest yearly. This evidence was objected to, and ruled to be inadmissible, because it was not conformable to the statute of frauds, and would tend to alter and vary the terms of a written contract.

The plaintiff did not propose to offer any other evidence of a tender of the purchase money than that of twenty five per cent. of the price agreed, and of his readiness to execute mortgages conformably to such parol agreement.

44*

The judge was of opinion that there was no sufficient proof of a breach of contract, to maintain this action ; and the plaintiff thereupon became nonsuit ; the nonsuit to be taken off, and the cause to stand for trial, if, in the opinion of the whole court, the rulings and decisions, at the trial, were wrong.

*N. J. Lord & C. S. Newell,* for the plaintiff. The evidence, which was excluded, was not offered to contradict or vary a written contract, and therefore should have been admitted. The statute of frauds (Rev. Sts. *c.* 74, § 1) does not require any more to be written than was written ; and the additional terms of the contract were admissible in evidence. 1 Greenl. on Ev. (2d ed.) § 284 *a. Jeffery* v. *Walton,* 1 Stark. R. 267. " Some memorandum or note " of the contract is required, by the statute, to be in writing ; but " the consideration of such contract need not be set forth or expressed in the writing." The consideration of the contract in question is not set forth in the writing ; at least, a part only of the consideration is there set forth. The price and the rate of payment are not the consideration ; certainly not the whole consideration. The mode and terms of payment constitute a part of the consideration. These were agreed upon by parol, and the plaintiff should have been permitted to prove them. If A. agrees in writing to convey Blackacre to B., at five cents a foot, and B. likewise agrees in writing to convey Whiteacre to A., at five cents a foot, the promise of one is the consideration of the promise of the other, though it does not appear in the written agreements.

*O. P. Lord,* for the defendant. The statute of frauds does not enact that the consideration need not be in writing, but that it need not be expressed in *the* writing upon which the action is brought. This, however, is not material ; for, in the case at bar, the consideration is expressed in the writing sued on. But the writing is not a sufficient memorandum, within the statute. It is not an entire contract. And parol evidence is not admissible to show what the entire contract was. By the legal construction of the writing, the full price was to be

paid on the delivery of the deed of conveyance ; and evidence of different terms, agreed on by parol, was rightly rejected. *Dow* v. *Tuttle*, 4 Mass. 414. *Allen* v. *Kimball*, 23 Pick. 473, and cases there cited. *Warren* v. *Wheeler*, 8 Met. 97. *Elder* v. *Elder*, 1 Fairf. 80.

SHAW, C. J. Supposing the memorandum, in the present case, would be sufficient to support an action, conformably to the statute of frauds, (Rev. Sts. *c.* 74, § 1,) on the principle of the maxim, *id certum est quod certum reddi potest*, upon the ground that the identity of the four lots can be ascertained by the references in the memorandum, the quantity of the land by the admeasurement, and hence the entire amount of the consideration, by the price per foot; still, there being no stipulation for credit, and no time limited, the contract, by its legal effect, was a contract to pay the whole amount in cash, and that on demand, within a reasonable time. A tender of a quarter of the amount only was not a compliance, on the part of the plaintiff, and of course the refusal to execute a deed, upon such tender and a demand, was no breach on the part of the defendant. *Warren* v. *Wheeler*, 8 Met. 97. *Thompson* v. *Ketcham*, 8 Johns. 189.

The parol evidence offered was inadmissible, both because it would vary and alter the written agreement, making the consideration payable by notes and mortgage, on time, instead of cash on demand, and because it was offered as proof of the terms of a contract for the sale of land, contrary to the statute of frauds. *Nonsuit confirmed.*