May Term,
1852.

COLERICK
v.
HOOPER.

COLERICK and Others *v.* HOOPER.

The record of the proceedings in a suit in chancery pending by writ of error in the Supreme Court, being alleged to be defective, the latter Court awarded a *certiorari* to the clerk of the Circuit Court to certify a complete transcript of the proceedings. The Circuit Court, after the term had expired at which the decree, which was upon default, was made, and after the *certiorari* had been issued, ordered the clerk to copy the subpœnas and returns into the record, it having been shown to the Court that, when the default was taken, proof of the service of the subpœnas had been duly made. *Held*, that it was competent for the Court to make the order.

The sheriff's return to a subpœna in chancery showed that one of the defendants (naming him) had been "served," and that the others were "not found," &c. *Held*, that the language must be inferred to import that the service upon the defendant alleged to have been "served," was a personal one.

Where a written instrument contains all the facts of a contract, except such as may be proved by parol, it is sufficiently certain to be enforced.

The language of an agreement was as follows: I have this day sold my lot to *A. B.* on the plat in the town of *South Bend*—on the plat of said town on the river-bank. I have received value and will make the deed as soon as convenient. *August* 11, 1835. (Signed) *C. D. Held*, that parol evidence was admissible to identify the particular lot intended to be conveyed, and that the contract was, therefore, sufficiently certain to be the foundation of a bill for specific performance.

When a bill in chancery is against adult residents of the state, who are personally served with notice, and the allegations of the bill are certain—especially if the subject matter of the allegations is of a certain and definite nature—a final decree, after a decree *pro confesso* upon a default, may be made without proof.

The assignment of a written contract for the sale of land, under the R S. 1843, carried with it the legal title to the instrument, and upon a suit by the assignee for a specific performance, the assignor is not a necessary party.

Wednesday,
May 26.

ERROR to the *St. Joseph* Circuit Court.

PERKINS, J.—This was a bill in chancery to enforce the specific performance of an agreement for the sale of a lot in the town of *South Bend*. A decree for performance was obtained. It is claimed that that decree should be reversed for the following reasons:

1. The decree was rendered upon default, and the record, as first brought into this Court, did not show notice to the defendants. By *certiorari*, a new transcript was

May Term,
1852.

COLERICK
v.
HOOPER.

obtained, wherein, by order of the Court below, made after the *certiorari* was issued, the clerk had copied the writs and returns of services thereon which remained on file in his office, and which showed that notice was duly given to the defendants in the suit. It is denied that the Circuit Court had power to order the clerk to copy the writs and returns into the record after the expiration of the term of the Court at which the decree in the cause was made, and after the issuing of the *certiorari*. But we think the Court had such power. It was made to appear, at the time the Court entered said order, that, on taking the default in the cause, proof of the service of the writs was duly made to the Circuit Court. It was a clerical error, therefore, by which the entering of those writs and returns, or, in lieu of them, a statement that process had been duly served, was omitted.

2. It is contended that the returns upon the writs do not show that legal service had been made. They are as follows:

"Came to hand *January* 10th, 1844. Served on *John A. Henricks* the 12th day of *January*, 1844. As to *Alexis Coquillard* and *David H. Colerick*, they are not found in my bailiwick. Sheriff's fees," &c., and signature of sheriff.

"Served as commanded on *D. H. Colerick, January* 23d, 1844. Not found as to the other defendants. Service," &c., and signature. The bill was dismissed as to *Coquillard*. It is objected that these returns do not specify the manner of service, and claimed that they should do so with particularity.

It would have been well to have stated whether the service was upon the defendants personally or by leaving copies at their places of residence; but we think a legal service shown with reasonable certainty. The officer says he served the process on some, and could not find other of the defendants. The inference is, that a personal service was made upon those found.

3. It is argued that the contract sought to be specifically

May Term,
1852.

COLERICK
v.
HOOPER.

enforced is too vague to sustain the bill. The following is a copy of it:

"I have this day sold my lot to *Alexis Coquillard* on the plat in the town of *South Bend;* on the plat of said town on the river bank. I have received value and will make the deed as soon as convenient. *August* 11, 1835. *D. H. Colerick.* Attest: *H. R. Colerick.*"

This memorandum contains the names of the parties, acknowledges the reception of the consideration, thus rendering it immaterial that its amount or character should be particularly stated, and describes the property sold, not with the utmost certainty it is true, but so that it could be indentified; and parol evidence for that purpose would be admissible. Such evidence would not be required in this case to make out the terms of the agreement, but to apply the agreement to the subject-matter of it. The thing sold was *Colerick's* lot on the river-bank in the town of *South Bend.* The written contract assumed that he had one lot on said bank in said town, and implied that he had but one. Which was it, was the only remaining question to be settled. This question could be easily answered from the data given for identifying the lot. And where a written instrument contains all the facts of a contract, except such as may legitimately be proved by parol evidence, where there is a written agreement, that instrument is sufficiently certain to be enforced. The bill, in this case, avers that *Colerick* had, at the date of said agreement, one lot, and but one, in said town, and that it was lot No. 94, for which a conveyance was sought in this suit. We think the bill sustainable.

4. As we have stated, the final decree in this cause was taken *pro confesso,* on default; and it is urged that the Court erred in not requiring proof of the allegations in the bill before the rendering of such a decree. There is not a uniformity in the practice of Courts upon this point. See the cases collected in the 1st vol. of Dan. Ch. Pr., Perk. Ed., in notes on page 577. But a line of decision has been pursued in this state long enough to settle the

May Term,
1852.

COLERICK
v.
HOOPER.

rule here. That rule, we think, may be stated to be, that where the bill is against adult residents of the state, who are personally served with notice, and the allegations of the bill are certain—especially, if the subject-matters of those allegations are of a definite and certain nature—a final decree, after a decree *pro confesso*, may be rendered without proof. Thus broadly, at any rate, we are safe in laying down the rule, and, so laid down, it includes this case. Here every material allegation in the bill, except as to the number of the lot, was supported by the agreement in writing, copied into the bill, and as to the number of the lot, the allegation was certain and the subject-matter of it was of a definite character. See *Pegg* v. *Davis*, 2 Blackf. 281.—*Platt* v. *Judson*, 3 id. 235.—*Fellows* v. *Shelmire*, 5 id. 48.—*Close* v. *Hunt*, 8 id. 254.—*Trimble* v. *White et al.*, 2 Carter's Ind. R. 205.—*Bowman et al.* v. *Hall et al.*, id. 206.

5. The fifth point raised is, that no decree could be rendered in the case till *Coquillard* was made a party. He was the first assignor of the instrument on which the bill was founded. By our statute, the assignment of such an instrument carries with it the legal title and not a mere equity, and *Coquillard* does not appear to have any further interest in that in question. We think, therefore, that, though a proper, he was not a necessary party. Our statute (R. S. sect. 41, p. 839) enacts that—

"If the defendant, at the hearing of a cause, object that the suit is defective for want of parties, not having by plea or answer taken the objection, and therein specified, by name or description, the parties to whom the objection applies, the Court, if it think fit, shall be at liberty to make a decree saving the rights of the absent parties."

No rights of *Coquillard* can be prejudiced by the decree rendered in this case, and no objection was made below.

*Per Curiam.*—The decree is affirmed with costs.

*J. G. Walpole* and *R. L. Walpole*, for the plaintiffs.

*J. L. Jernegan*, for the defendant.