## GUY v. BARNES.

| 29 | 103 |
| 133 | 292 |
| 29 | 103 |
| 138 | 106 |
| 29 | 103 |
| 164 | 582 |
| 29 | 103 |
| 166 | 107 |
| 167 | 188 |

LEASE.—DEFECTIVE DESCRIPTION.—The description of the premises demised, in a lease required by the statute of frauds to be in writing, cannot be supplied by parol evidence, but an ambiguity may be explained and the premises identified.

APPEAL from the *Morgan* Circuit Court.

GREGORY, J.—When this case was here before, (24 Ind. 345,) we held that the complaint was good. If, as is now contended by the appellant, the lease is void for uncertainty in the description of the demised premises, then our previous ruling is wrong, for the complaint set out a copy of the lease.

We have examined the authorities cited by the appellant. They do not sustain the position taken by him. It is a maxim of the law that "that is sufficiently certain which can be made certain." The parties to the lease are described as residents of *Morgan* county, in this State. The

proof shows that the lessee took possession of the land intended to be leased; that, by actual measurements, the land answers the description as to directions and distances from the points named, and that it is in the west end of a tract of one hundred and twenty acres.

This court said, in the previous opinion, that "if, following the directions and distances indicated in the lease, sixty acres of land were found, being the west end of a one hundred and twenty acre lot, it would have been identified as the land mentioned in the lease." This was done. We are now asked to reverse the judgment because the court below followed the directions of this court. We are entirely satisfied with our previous ruling.

In *Colerick et al.* v. *Hooper*, 3 Ind. 316, the language of the agreement under consideration was as follows: "I have this day sold my lot to A. B., on the plat in the town of *South Bend;* on the plat of said town on the river bank. I have received value, and will make the deed as soon as convenient. *August* 11, 1835. (Signed,) C. D.

"*Held*, that parol evidence was admissible to identify the particular lot intended to be conveyed, and that the contract was, therefore, sufficiently certain to be the foundation of a bill for specific performance."

"In an action to enforce specific performance of a contract for the conveyance of land, if the contract states sufficiently every other fact required in such a contract by the statute of frauds, but fails clearly to identify the land to be conveyed, by an intelligible description, but contains a description which, so far as it goes, is consistent, such ambiguity may be explained and the defective description made complete by extrinsic parol evidence, provided the necessary averments are contained in the complaint." *Torr et al.* v. *Torr*, 20 Ind. 118.

In *Dingman* v. *Kelly*, 7 Ind. 718, there was nothing in the description which indicated the particular tract of land intended to be leased. In *Howell et al.* v. *Zerbee*, 26 Ind. 214, there was nothing to indicate on what part of lot 3, section

36, township 33, range 4 west, the five acres were situate. But in the case under consideration, the sixty acres demised were described as being the west end of one hundred and twenty acres, and being sixty acres of land north of the state road leading from *Martinsville* to *Gosport*, three-quarters of a mile north of *Anderson Thompson's* residence. The principle drawn from the authorities seems to be this: that a description, in a lease or contract required to be in writing under the statute of frauds, cannot be supplied by oral evidence, but that an ambiguity may be explained and the premises identified.

The judgment is affirmed, with costs.

*C. F. McNutt* and *A. Ennis*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellee.

