## Maris v. Masters.

[No. 4,330. Filed May 26, 1903.]

VENDOR AND PURCHASER.—*Description of Real Estate.—Specific Performance.*—A contract for the sale of real estate described the land as "Lot 30, Douglas Park," and the contract was dated at Indianapolis, Indiana. *Held*, that the description was sufficient to support a suit for specific performance, it being presumed, for the purpose of determining the sufficiency of the complaint, that the lot was located where the agreement was dated. *pp. 237-241.*

SAME.—*Contracts.—Time Not Essence of Contract.*—In a contract for the sale of real estate acknowledging the receipt of $100, and providing that $50 should be paid on or before April 1, 1899, $50 on or before May 1, 1899, $100 on or before June 1, 1899,' and $100 on or before July 1, 1899, and when the vendee shall have paid all of the above sums the vendor shall execute a warranty deed, time was not of the essence of the contract so as to defeat a suit for specific performance because $30 of the purchase money remained unpaid August 8, 1899. *p. 241.*

SAME. —*Specific Performance.—Tender of Purchase Money.*—In a suit for the specific performance of a contract to convey real estate upon the payment of the specified purchase money, a tender of the balance of the purchase money before bringing suit on condition that the deed be executed was sufficient, and not prejudicial to defendant. *p. 242.*

SAME.—*Contract Executed at Different Times.*—A contract for the sale of real estate is not unenforceable because executed in two parts at different times, where it relates to the same transaction and appears to be intended as one instrument. *pp. 242, 243.*

SAME.—*Specific Performance of Contract.—Alternative Judgment.—Damages.*—In a suit for the specific performance of a contract to convey real estate in which defendant's wife was not a party, a judgment requiring defendant to execute and deliver to plaintiff a warranty deed, signed by himself and wife, and, upon his failure to comply with such order, to pay plaintiff damages equal to the amount of purchase money paid and interest thereon was proper. *pp. 243, 244.*

SAME. —*Specific Performance.—Demand.* —Where a contract for the sale of real estate provided that when certain payments of pur-

chase money were made the vendor should execute a warranty deed, no demand for a deed was necessary, and when the purchaser tendered the last payment it was the duty of the vendor to execute the proper deed without any demand upon him. *pp. 244, 245.*

From Marion Circuit Court; *H. C. Allen*, Judge.

Suit by Lillian L. Masters against James D. Maris for the specific performance of a contract to convey real estate. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*R. O. Hawkins* and *H. E. Smith*, for appellant.

*H. L. Hutson*, for appellee.

COMSTOCK, P. J.—The complaint alleges that on March 15, 1899, the plaintiff and defendant entered into an agreement whereby plaintiff purchased from defendant a certain piece of realty therein described; that, by the terms of purchase, plaintiff was to pay therefor $900, as follows: (1) Four hundred dollars, in payments, between March 15, 1899, and July 1, 1899; and (2) by the assumption of a certain mortgage thereon. It is alleged that plaintiff agreed with defendant that, when said sum of $400 was paid, he would convey said realty to plaintiff by good and sufficient warranty deed, subject only to said mortgage. It is then charged that defendant reduced said contract to writing, and delivered the same to plaintiff, properly signed by him, and a copy of the so-called written agreement is filed with the complaint and made a part thereof. It is further alleged that she complied with all the terms of the agreement on her part, and that she paid the money in payments, except $30; that on August 8, 1899, she tendered the sum of $30, with twenty-five cents interest, to the defendant, and demanded of him a good and sufficient deed of general warranty, and that the defendant failed and refused to convey the said realty to her according to the terms of the agreement, and that she now brings said money into court for the use and benefit of defendant, and prays for a decree requiring de-

fendant to comply with his agreement; that he be required
to execute to her a good and sufficient deed of general war-
ranty for said realty, and, failing, that he be held in con-
tempt of court, and that she have damages for such sum as
the court shall determine to be good and equitable.    In
brief, the action is one for specific performance of an alleged
written contract to convey realty.    Appellant's demurrer
for want of facts was overruled.    He then filed an answer
in five paragraphs, the first being a general denial.    The
cause was put at issue, and a trial by the court resulted in
a judgment and decree:    (a) That plaintiff pay the clerk
of the court, for the defendant, $33.15, within one day, to
be paid to defendant when he has fully complied with this
order;  (b) that defendant Maris, within thirty days from
this date, execute and deliver to plaintiff a good and suffi-
cient warranty deed, signed by said defendant James D.
Maris and his wife, conveying the realty thereafter de-
scribed, subject only to the mortgage for $500, described,
with interest;  (c) that if defendant fails or refuses to
deliver a deed, as above described, plaintiff recover damages
in the sum of $400, and that she have return of the money
paid by her into court;  (d) that plaintiff recover costs.

The errors assigned are:    (1) The overruling of the
demurrer to the complaint;  (2) the sustaining of the de-
murrer to the second paragraph of answer;  (3) the over-
ruling of the motion to correct and modify the judgment
and decree; and (4) the overruling of the motion for a new
trial.

The first objection urged to the complaint is that the con-
tract is void for uncertainty of description.    It is urged
that the averments of the complaint are broader than the
agreement, and "when the allegations of a pleading vary
from the provisions of the instrument upon which it is
founded, the provisions of such instrument control, and
such allegations will be disregarded."    Appellee admits
that, where the variance claimed exists, the exhibit will

control, but insists that the variance claimed does not exist. *Harrison Bldg., etc., Co.* v. *Lackey,* 149 Ind. 10. The statute of frauds (§6629 Burns 1901, §4904 Horner 1901) provides: "No action shall be brought in any of the following cases: * * * (4) Upon any contract for the sale of lands * * * unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized; excepting, however, leases not exceeding the term of three years."

An agreement for the sale of lands which contains no sufficient description of the property is void for uncertainty, and can not be enforced. ·The complaint alleges a contract between the plaintiff and the defendant for the purchase "of the following described real estate in Marion county, Indiana, to wit: Lot number thirty, Douglas Park, an addition to the city of Indianapolis." The words of description in the exhibit are "Lot 30, Douglas Park," at the end of the receipt, before the name of J. D. Maris. The agreement which is made a part of the complaint is in the following language: "Indianapolis, Ind., March 15, 1899. M.......... To J. D. Maris, Dr., Builder. Plans drawn. Estimates furnished. All kinds of repair work. 1339 North Alabama Street.

"Received of L. L. Masters, $100 on account of lot 30, Douglas Park. J. D. Maris.

"Fifty dollars to be paid to J. D. Maris on or before April 1, 1899, $50 on or before May 1, 1899, $100 on or before June 1, 1899, and $100 on or before July 1, 1899. When the said L. L. Masters shall have paid all the above sums to J. D. Maris, then the said James D. Maris, is to make said L. L. Masters a warranty deed for the same. Said L. L. Masters to assume one $500 mortgage note given to the trustees of Philoxenia lodge, No. 44, due on or before

March 14, 1900, with interest at six per cent. per annum.
[Signed]   J. D. Maris."

In determining whether the description is sufficiently
certain, we must bear in mind that the office of a descrip-
tion in a deed is not to identify the land, but it is to furnish
the means of identification.   The part of the deed describ-
ing the premises conveyed is to be construed with the
utmost liberality.   *Rucker* v. *Steelman,* 73 Ind. 396, and
cases cited: *Singer* v. *Scheible,* 109 Ind. 575, and cases
cited at page 583; *Frick* v. *Godare,* 144 Ind. 170.

The writing bears date at Indianapolis, Indiana.   This
may indicate that the lot was situate in said city.   In
*Mead* v. *Parker,* 115 Mass. 414, it was held to be "an infer-
ence of fact, though not conclusive," that the land is situate
in a certain place, owing to the fact that the written con-
tract to convey is dated at that place.   *Riley* v. *Hodgkins,*
57 N. J. Eq. 278, 41 Atl. 1099, was a suit for the specific
performance of an alleged agreement to convey certain
lots in Jersey City.   One objection to the complaint was
that the description in the contract was too vague and in-
definite to be enforced.   The alleged contract of sale was
dated at Jersey City.   The court said: "It may well be
argued, however, that, in naming a place in the memoran-
dum, the maker of it considered himself as speaking from
that locality, not only to indicate the place where he was
given a receipt for the purchase price, but also as covering
the interior specifications, by number of lot, block, and
streets of the location of the lands agreed to be sold."   See,
also, *Price* v. *McKay,* 53 N. J. Eq. 588, 32 Atl. 130.   For
the purpose of determining the sufficiency of the complaint
the presumption is that the lot in question is located where
the agreement is dated.   We then have to assist in the
identification of the real estate involved, the fact that it is
lot thirty, Douglas Park, Indianapolis, Ind.   If there is
such an addition to Indianapolis, the identification of the
lot will follow.

Appellant cites *Wilstach* v. *Heyd,* 122 Ind. 574, as strongly supporting the demurrer. It was a suit for dam-, ages for the alleged breach of a contract for the sale of a lot. The complaint averred that, in consideration of $2,560 to be paid by the plaintiff to the defendants, defendants sold, and agreed to convey upon demand, certain real estate owned by the defendants, and situate in the city of New Albany, Floyd county, Indiana, described as follows: "Lot number fourteen on Ekin avenue, in the city of New Albany." The only description in the memorandum was, "The lot number fourteen, Ekin avenue," which was indorsed on the reverse side of the paper from that upon which the other parts of said written memorandum appears. The court held that if such indorsement could be construed to be a part of the memorandum, it was uncertain, and could not be enforced without the aid of parol proof to identify the lot, and sustained a demurrer to the complaint. The receipt signed by the defendants was dated at New Albany. There is an uncertainty found in the last description not in the case at bar. "Lot fourteen on Ekin avenue," New Albany. The court can not say how many additions there may be adjacent to Ekin avenue, nor how many lots numbered fourteen. This agreement was also defective in other particulars apart from the description of the land. Such description is as indefinite as lot fourteen on Washington street, Indianapolis. It will not be presumed that there is more than one lot number thirty in Douglas Park.

It may fairly be inferred also that the vendor is the owner of the property, and the exact terms of the agreement are stated. *Tewksbury* v. *Howard,* 138 Ind. 103, was an action to enforce specific performance. In the course of the opinion the court say: "The rule often recognized in this State is, that where the description given is consistent, but incomplete, and its completion does not require the contradiction or alteration of that given, nor that a new de-

scription should be introduced, parol evidence may be received to complete the description. * * * *Colerick* v. *Hooper,* 3 Ind. 316; *Maggart* v. *Chester,* 4 Ind. 124; *Torr* v. *Torr,* 20 Ind. 118; *Guy* v. *Barnes,* 29 Ind. 103; *Baldwin* v. *Kerlin,* 46 Ind. 426; *Calton* v. *Lewis,* 119 Ind. 181; *White* v. *Stanton,* 111 Ind. 540; *Weaver* v. *Shipley,* 127 Ind. 526." The description was sufficient.

The next objection made to the complaint is that time was the essence of the contract, if there was a contract, and the complaint, while alleging performance, shows that the money due and payable under the contract was not paid at the time therein provided. The complaint shows that at least $30 of the purchase money was unpaid August 8, 1899, or more than a month after the last payment was due. Upon this subject Mr. Pomeroy, in his Equity Jurisprudence, §1408, says: "The stipulations concerning time of performance in a contract are regarded by equity either as immaterial, or as essential, or as material. In all ordinary cases of contract, equity does not regard time as of the essence of the agreement. In all ordinary cases of contract for the sale of land, if there is nothing special in its objects, subject-matter, or terms, although a certain period of time is stipulated for its completion, or for the execution of any of its terms, equity treats the provision as formal rather than essential, and permits a party who has suffered the period to elapse to perform such acts after the prescribed date, and to compel a performance by the other party notwithstanding his own delay." Equity "does not generally view time as being of the essence of a contract, unless it appear from its terms, or by the conduct of the parties, that the design of the contractors was to render it essential." *Brumfield* v. *Palmer,* 7 Blackf. 227. See, also, *Ewing* v. *Crouse,* 6 Ind. 312; *Keller* v. *Fisher,* 7 Ind. 718; *Day* v. *Patterson,* 18 Ind. 114. It does not appear from the terms of the contract or the conduct of the

parties that time should be essential.    Fry, Spec. Perf. (3d Am. ed.), §1047.

It is further claimed that the complaint was defective for the reason that the payment of the money was a condition precedent to appellee's right to a deed, and, it being shown by the complaint that $30 of the purchase money was not paid before the beginning of the suit, it is bad for that reason also.    This claim is fairly met by the averment that before the bringing of the action the amount unpaid was tendered to defendant.    The condition upon which the tender was made was not prejudicial to appellant.

In *Storey* v. *Krewson,* 55 Ind. 397, 23 Am. Rep. 668, the court say on page 400: "When mutual acts are to be done by two parties, at the same time, and the right of each depends upon the performance of the other, either may tender his part of the performance, upon the condition that the other performs his part; and neither is compelled to perform his part unless the other performs his part, also; as when land is bargained and sold, to be conveyed upon payment of the purchase money.    In such a case neither can be compelled to perform his part of the agreement, except on performance by the other of his part; that is, the vendee can not demand the conveyance without tendering the purchase money; and the vendor can not demand the purchase money without tendering the conveyance; and either may make a good tender to the other, upon the condition that he will perform his part of the agreement." The tender upon condition that appellant would execute the deed was sufficient.

The second paragraph of answer, to which the court sustained a demurrer for want of facts, alleged that the defendant did not execute the instrument sued upon on the 15th day of March, 1899, but that he did execute the first part of the receipt which is copied there on that day; that he did not make or sign any other writing to them on said day.

In support of this paragraph it is stated that the contract is in two parts, executed at different times, one without relation to the other,—the first containing all the description of the realty, but none of the alleged terms of sale; the second containing the terms of sale, but no description. To make a contract sufficient to take it out of the statute of frauds, it is not necessary that it should all be written on one paper. The contract may be made to appear on different papers written at different times. It is manifest that the instrument signed here relates to the same transaction, and, in its entirety, it is to be taken into account. *Wills* v. *Ross,* 77 Ind. 1, 40 Am. Rep. 279; *Benedict* v. *Cowden,* 49 N. Y. 396, 10 Am. Rep. 382; *Pulse* v. *Miller,* 81 Ind. 190; *Thames Loan, etc., Co.* v. *Beville,* 100 Ind. 309, 314; *Roehl* v. *Haumesser,* 114 Ind. 311; *Austin* v. *Davis,* 128 Ind. 472, 476, 12 L. R. A. 120, 25 Am. St. 456; *Ransdel* v. *Moore,* 153 Ind. 393. It is apparent that the parties intended to make one instrument of said first and second parts. In addition the facts pleaded were provable under the general denial; and for that reason, if for no other, the court did not err in sustaining the demurrer.

It is argued that the court erred in refusing to modify the judgment, (1) because it had no power to enter an order affecting the rights of the wife of the defendant in an action in which she was not a party; (2) because it had no power to order something not provided for in the contract, if there was a contract; (3) because, in an action for specific performance, the court had no power to render a judgment in the alternative for damages. The wife was not a party. The order is not against her, but against the appellant. In brief of appellant it is stated that the court erred in overruling his motion to strike from the decree the words "a good and indefeasable title in fee simple in and to" the realty. These words do not appear in the decree. It is claimed that the motion to strike out the alternative

judgment for damages should have been sustained, because the suit was not for damages, or for the recovery of money paid.

The court found that appellee was entitled to a deed. While the court had the power to compel appellant to execute such a deed, it could not compel the wife to join in the conveyance. If the appellant failed to comply with the order of the court, the court might order restitution or compensation in such sum as the evidence justified. The amount fixed was sustained by the evidence, and the appellant given an option to comply with his agreement or make compensation. The option given appellant to make restitution in money, or execute the deed, could in no way prejudice his rights. If appellant elected not to convey the land, it was fair to require him to pay interest on the money; and if, to the sums paid by appellee, interest is added, the amount of the judgment is not excessive.

It is argued also that the appellee was not entitled to the deed demanded (a warranty deed for the lot in question subject to a certain mortgage), for the reason, as stated, that "the contract was made, if any was made, in March, 1899, prior to April 1, 1899, since, as the writing shows, the second payment of $50 was due April 1, 1899. On April 1, after the sale, a new tax year began, and a new lien for taxes was against the property, dating from April 1, 1899. These taxes Maris was not liable for under any circumstances, and they should have been excepted from this deed." Where there is a contract to execute a conveyance, and no time is fixed for the making of the conveyance, a demand before bringing the suit is necessary. *Mather* v. *Scoles,* 35 Ind. 1. The converse of this proposition must be true. In the present action, under the contract, the deed was to be executed when the money was paid. The doctrine, that an unconditional tender, followed by the bringing of the money into court, is necessary, in order that the tender may be regarded as payment at the

time, has no application to the tender required before an action is brought for the specific performance of a contract for the sale of real estate.    *Hunter* v. *Bales,* 24 Ind. 299; *Lynch* v. *Jennings,* 43 Ind. 276; *Fall* v. *Hazelrigg,* 45 Ind. 576, 15 Am. Rep. 278.    So that when appellee tendered the last payment, it was the duty of appellant to offer to execute the proper deed, without any demand upon the part of appellee.

Other rulings complained of were not prejudicial to the appellant.

An examination of the record leads to the conclusion that the case was fairly tried, and a correct conclusion reached.

Judgment affirmed.