## HOWARD v. ADKINS.

[No. 20,863.  Filed October 10, 1906.]

1. APPEAL AND ERROR.—*Briefs.*—*Supreme Court Rules.*—Where
appellant has made a good-faith effort to comply with the Su-
preme Court rules in the preparation of his brief, and has set
out substantially the parts of the record questioned, his errors
assigned will be considered.  p. 186.

2. CONTRACTS.—*Frauds, Statute of.*—*Real Estate.*—*Description.*
—*Evidence.*—*Parol.*—Where the description of real estate, in a
contract for the sale thereof, is consistent but incomplete, and
its completion neither requires the contradiction or alteration
of the description given, nor that a new description be intro-
duced, parol evidence may be received to complete the descrip-
tion and identify the property.  p. 187.

3. EVIDENCE.—*Parol.*—*Contracts.*—*Application of, to Subject-
Matter.*—Parol evidence is admissible to apply a contract to its
subject-matter.  p. 188.

4. SAME. — *Parol.* — *Contracts.*—*Construction.*—*Frauds, Statute
of.*—Contracts within the statute of frauds being construed,
like other contracts, in the light of their surroundings, parol
evidence is admissible to show such surroundings.  p. 188.

5. CONTRACTS. — *Sales.* — *Real Estate.* — *Description.* — *Frauds,
Statute of.*—The description: "120 acres of land, more or less,

owned by Daniel V. Howard of Dana, Indiana, and located about three miles west of Winamac, Pulaski county, Indiana, in sections seventeen and eighteen, township thirty north of range two west," in a contract for the sale of real estate, is *prima facie* sufficient. p. 189.

6. PLEADING. — *Complaint. — Contracts.—Sales.—Real Estate.— Description.—Two Tracts Answering.—Defense.—*A complaint for damages for the breach of a contract for the sale of "120 acres, owned by" defendant in certain sections, does not need to allege that defendant had no other land of like area in such sections, such fact being a proper defense. p. 190.

7. CONTRACTS.—*Written.—Consideration.—Frauds, Statute of.— Statutes.—Evidence.—Parol.—*Under §6630 Burns 1901, §4905 R. S. 1881, the consideration for a written contract need not be stated in the writing, but may be proved by parol. p. 190.

8. EVIDENCE. — *Parol.—Consideration.—Indefinite.—Contracts.— Written.—*Parol evidence is admissible to clear up an ambiguity in the written statement of the consideration of a written contract. p. 190.

9. CONTRACTS.—*Implications of Law.—Whether Part of.—*What the law implies in a contract is as much a part thereof as if written therein. p. 190.

10. SAME.—*Definiteness.—Exchange of Property.—*A contract by which plaintiff agreed to exchange his land at $50 per acre for defendant's store at an agreed valuation, the defendant paying for such land in "merchandise and fixtures," sufficiently shows that plaintiff was to pay in cash the excess of the valuation of the store over the price of the land. p. 191.

11. SAME.—*Consideration.—Uncertainty.—Sales of Real Estate. —"More or Less."—*A contract to sell 120 acres "more or less" at $50 per acre does not render the price of such land uncertain, since the number of acres is ascertainable. p. 191.

12. DAMAGES. — *Liquidated. — Contracts.—*A contract providing that defendant shall exchange his store at a certain valuation for plaintiff's farm at a certain valuation per acre, plaintiff to pay the difference, and providing that in case of breach $500 should be paid as liquidated damages by the violating party, such sum must be so treated, the actual damage being difficult of computation, and such sum being within the reasonable limits of the probable loss. p. 191.

13. PLEADING. — *Complaint.* — *Damages.* — *Liquidated.*—*Whether Actual Must Be Alleged.*—Where the contract sued upon provides for liquidated damages, actual damages need not be alleged.  p. 191.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Daniel V. Howard against Guy Adkins. From a judgment for defendant, plaintiff appeals.    Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.  *Reversed.*

*Chase Harding,* for appellant.
*Albert D. Thomas* and *Michael E. Foley,* for appellee.

MONKS, J.—This action was brought by appellant to recover liquidated damages for the breach of a contract.    A demurrer for want of facts was sustained to each paragraph of the complaint, and a judgment followed that appellant take nothing by his suit, and pay the costs.

The assignment of errors calls in question the action of the court in sustaining said demurrer.    It is objected by counsel for appellee that appellant has not complied with rule twenty-two of this court in the preparation of his brief in this: "That it is confused and indefinite, with its several parts so intermingled with irrelevant matters and statements" as not to be understood. While it may be true that appellant has not prepared his brief in all respects as required by the rule mentioned, yet the brief contains enough to advise each of the judges of the questions which are presented for determination.    It is manifest that appellant has made a good-faith effort to comply with, and has substantially complied with, our rules in the preparation of his brief.    This is sufficient.  *Stametz* v. *Mitchenor* (1906), 165 Ind. 672, 675; *Swing* v. *Hill* (1905), 165 Ind. 411, 414; *Lowe* v. *Dallas* (1905), 165 Ind. 392, 394.    The following is a copy of the writing sued upon:

"New Ross, Indiana, October 15, 1904.

I hereby submit the following proposition: I will exchange my stock of dry goods, groceries, boots and shoes, fixtures, etc., owned by me and with which I am doing business in the Odd Fellows building at New Ross, Indiana,—said stock to be free from liens of every kind and character, and to be invoiced at first cost price, said price to be obtained from bills for said goods from wholesale houses from which they were bought—for 120 acres of land, more or less, owned by Daniel V. Howard of Dana, Indiana, and located about three miles west of Winamac, Pulaski county, Indiana, in sections seventeen and eighteen, township thirty north, of range two west, said land to be free from liens and encumbrances of every kind and character, except a mortgage of $2,000, and interest thereon from this date, and possession to be given on or before March 1, 1905, nothing reserved. I am to have all loose lumber, tiling, posts, etc., now on said farm, but am not to have any interest in any of the crops or rent of said farm for the year 1904. I am to pay for said farm $50 per acre in merchandise and fixtures.

When above mentioned stock of merchandise and fixtures has been invoiced at cost, I am to deduct therefrom the sum of $246, and the remainder is the amount that I am to receive for said stock.

I am to give possession as soon as stock of merchandise and fixtures has been invoiced and trade closed, which is to be as near October 20 as possible.

Either party to this agreement hereby agrees to forfeit to the other $500 as liquidated damages if he fails to carry out his part of said agreement.

Guy Adkins & Co.

I hereby accept the foregoing proposition.

Daniel V. Howard."

Appellee first insists that as the contract is within the statute of frauds, no damages can be recovered for the breach of the same because this 120 acres of land 2. cannot be located from the description given. The rule recognized in this State is that "where the de-

scription given is consistent, but incomplete, and its completion does not require the contradiction or alteration of that given, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property." *Tewksbury* v. *Howard* (1894), 138 Ind. 103, 105, 106, and cases cited. And see, *Colerick* v. *Hooper* (1852), 3 Ind. 316, 56 Am. Dec. 505; *Torr* v. *Torr* (1863), 20 Ind. 118, 122, 124, and authorities cited; *Guy* v. *Barnes* (1867), 29 Ind. 103; Wood, Stat. of Frauds, §353; 20 Cyc. Law and Proc., 270, 271.

3.   It is a well-settled rule that parol evidence is admissible to apply a contract to its subject-matter. *Wills* v. *Ross* (1881), 77 Ind. 1, 13, 40 Am. Rep. 279, and cases cited.

4.   Contracts governed by the statute of frauds, like other contracts, are to be read "by the light of surrounding circumstances." It follows, therefore, that parol evidence may be given of the situation and relation of the parties and the surrounding circumstances. *Wills* v. *Ross, supra; Ransdel* v. *Moore* (1899), 153 Ind. 393, 400, 401, and authorities cited; *Mace* v. *Jackson* (1871), 38 Ind. 162, 166, 167; *Colerick* v. *Hooper, supra; Torr* v. *Torr, supra; Guy* v. *Barnes, supra; Tewksbury* v. *Howard, supra; Johnson* v. *Buck* (1872), 35 N. J. L. 338, 10 Am. Rep. 243; *Bacon* v. *Leslie* (1893), 50 Kan. 494, 31 Pac. 1066, 34 Am. St. 134, 136, 137, and note page 141; *Mead* v. *Parker* (1874), 115 Mass. 413, 15 Am. Rep. 110; *Hurley* v. *Brown* (1868), 98 Mass. 545, 96 Am. Dec. 671, and note page 675; *Preble* v. *Abrahams* (1891), 88 Cal. 245, 26 Pac. 99, 22 Am. St. 301, and note page 306; *Lente* v. *Clarke* (1886), 22 Fla. 515, 1 South. 149; *Williams* v. *Morris* (1877), 95 U. S. 444, 456, 24 L. Ed. 360, and cases cited; *Hodges* v. *Kowing* (1889), 58 Conn. 12, 18 Atl. 979, 7 L. R. A. 87; *Moayon* v. *Moayon* (1903), 114 Ky. 855, 72 S. W. 33, 102 Am. St. 303, 60 L. R. A. 415, 423, 424;

Pomeroy, Contracts (2d ed.), §§90, 152, 161, and notes; 1 Beach, Contracts, §581; Clark, Contracts, p. 120; Wood, Stat. of Frauds, §§395, 396, 449, and notes; Browne, Stat. of Frauds (5th ed.), §385; 1 Reed, Stat. of Frauds, §416; Tiffany, Sales, pp. 70, 71, and notes 173, 174, 673, 674; 17 Cyc. Law and Proc., 317, 318.

In 1 Warvelle, Vendors (2d ed.), §135, it is said that a description as "my house and lot" imports a particular house and lot, rendered certain by the description that it is the one that belongs to "me." The following descriptions have been held sufficient: "My lot * * * on the plat in the town of South Bend, on the plat of said town, on the river bank" (*Colerick* v. *Hooper, supra*); the "Snow farm" (*Hollis* v. *Burgess* [1887], 37 Kan. 487, 15 Pac. 536); "H.'s place at S." (*Hodges* v. *Kowing, supra*); the "Knapp house property" (*Goodenow* v. *Curtis* [1869], 18 Mich. 298); an agreement to convey land described as "occupied" by the vendor or a third person (*Angel* v. *Simpson* [1887], 85 Ala. 53, 3 South. 758; *Towle* v. *Carmelo Land, etc., Co.* [1893], 99 Cal. 397, 33 Pac. 1126; *Docter* v. *Hellberg* [1886], 65 Wis. 415, 27 N. W. 176). In all such cases, parol evidence of the situation of the parties and the surrounding circumstances when the the contract was made was admitted so that the court might be placed in the position of the parties, and thus see with their eyes and understand the force and applica- tion of the language used by them. It must be assumed, looking at the terms of the writing, that the parties had in view and understood that they were dealing as to a particular tract of "120 acres of land more or less" owned by appellant and located in the section, township and range mentioned in said writing. Under this view it is evident that the description of the real estate set out in the writing sued upon was, *prima facie*, sufficient.

In a suit on such writing, it was not necessary to the sufficiency of the complaint to allege that appellant had

only one tract answering such description. 20 Ency. Pl. and Pr., 450. If appellant had more than one tract of "120 acres of land more or less" in said sections answering said description, whereby the sufficiency of the contract as identifying a particular tract of land would be destroyed, that is a matter of defense to be set up in an answer. *Lente* v. *Clarke, supra.*

It is urged by appellee that the writing sued upon is indefinite and uncertain, and therefore insufficient under the statute of frauds, because there is no provision for the payment of any possible difference between the value of the farm at the agreed price and the stock of goods to be ascertained by the invoice. In this State it is not necessary that the consideration be stated in writing, but it may be proved by parol. See §6630 Burns 1901, §4905 R. S. 1881; *Hiatt* v. *Hiatt* (1867), 28 Ind. 53. If the writing undertakes to state the consideration, but states it indefinitely, such ambiguity may be relieved to the same extent that it is competent to explain other ambiguous writings not within the statute of frauds. *Burke* v. *Mead* (1902), 159 Ind. 252, 258, 259, and authorities cited; *Martindale* v. *Parsons* (1884), 98 Ind. 174, 178-181. With reference to the elements of certainty generally, it is well settled that what the law implies in a contract is as much a part of it as what is expressed, and such contract must be read and construed as if the same were written therein. 1 Beach, Contracts, §710; *Burke* v. *Mead* (1902), 159 Ind. 252, 258, and cases cited; 1 Reed, Stat. of Frauds, §400; *Barry* v. *Coombe* (1828), 1 Pet. (U. S.) *640, *651, *652, 7 L. Ed. 295; *Ryan* v. *Hall* (1847), 54 Mass. 520, 523; *Lawler* v. *Murphy* (1890), 58 Conn. 294, 304-311, 20 Atl. 457, 8 L. R. A. 113.

It is apparent from the writing that the parties thereto understood that the value of the merchandise and fixtures,

as fixed by the invoice, less $246, would equal, if not exceed, the sum at which the land was to be taken by the appellee, for it is expressly provided therein that he was to pay for the land in "merchandise and fixtures." It is evident under the authorities cited that the appellant was to pay in cash whatever amount, if any, the cost price of the merchandise and fixtures, less $246, exceeded the amount which the land was to be taken at. So construed, the writing is not indefinite or uncertain in the respect urged by appellee.

The fact that the land is mentioned in the writing as "120 acres more or less," and the amount to be paid therefor is "$50 per acre," does not render the price of the land uncertain, as the number of acres could be ascertained and the price determined.

It is next claimed by appellee that the amount named in the writing as liquidated damages is a mere penalty, and as the complaint does not allege facts showing actual damages, the same is insufficient. Under the rule declared in *Bird* v. *St. Johns Episcopal Church* (1900), 154 Ind. 138, 147, 148, and cases cited, the amount named as liquidated damages must be so treated. Where liquidated damages are provided for, it is not necessary to allege actual damages.

It follows that the objections urged to the complaint are not tenable. Judgment reversed, with an instruction to overrule the demurrer to the complaint.