## THOMPSON ET AL. v. GRIFFITH.

[No. 10,633.   Filed January 10, 1922.   Rehearing denied March
21, 1922.   Transfer denied November 23, 1922.]

1. FRAUDS, STATUTE OF.—*Contracts for Sale of Land.—Descrip-
tion.—Sufficiency.*—In a contract for the sale of land, a descrip-
tion of the land as "part of the west half of the northeast
quarter of Section 26, 12, 3 containing 43.62 acres, more or
less," is too indefinite and uncertain to make the contract a
sufficient memorandum under the statute, especially in the ab-
sence of any allegation in the complaint for breach of the
contract that the vendor owned only the stated· quantity of
land in the subdivision specified; the description being of such
a character as to require the introduction of parol evidence to
describe the land, and then to apply the description.   p. 65.

2. FRAUDS, STATUTE OF.—*Contracts for Sale of Land.—Insuffi-
cient Description.— Aiding by Abstract.—* An insufficient de-
scription of land in a contract for the sale thereof cannot be
aided by reference to the abstract of title thereafter furnished
pursuant to the terms of the contract, since the contract must
have been valid at the time of its execution.   p. 65.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by William B. Griffith against Thomas B.
Thompson and others.   From a judgment for plaintiff,
the defendants appeal.   *Reversed.*

*R. M. Miller, H. C. Barnett* and *O. S. Barnett,* for ap-
pellants.

*Ivory J. Drybread* and *William Featherngill,* for ap-
pellee.

NICHOLS, J.—The complaint by appellee was for dam-
ages for breach of a contract of sale of real estate, which
contract is made a part of the complaint, and in which
contract the real estate involved is described as follows,
to wit:   "The southwest quarter (¼) of the southeast
quarter of Section 23, 12, 3 containing 40 acres more
or less.   Also part of the west half of the northeast
quarter of Section 26, 12, 3 containing 43.62 acres, more
or less."   It will be observed that the last description

is indefinite. In the complaint, it consists of two tracts by metes and bounds, one containing $14\frac{1}{8}$ acres, and the other $29\frac{1}{2}$ acres. The contract stipulated that appellants agreed to deliver to appellee an abstract of title for said real estate completed to date showing a merchantable title thereto in the name of appellants.

There was a demurrer to the complaint, with memorandum based upon the indefinite and uncertain description in the agreement, and stating that it was insufficient under the statute of frauds. This demurrer was overruled, and exceptions saved by appellant. After answer in general denial, and a second affirmative answer, there was a trial, which resulted in a judgment in favor of appellee for $400. The error assigned, and which we need to consider, is the court's action in overruling the demurrer to the complaint. There is no averment in the complaint that the 43.62 acres was all of the real estate owned by appellee in said west half, etc. It is impossible from the description given to determine where in such west half, the 43.62 acres are located.

Appellants quote extensively from *Howard* v. *Adkins* (1906), 167 Ind. 184, 78 N. E. 665. With other quotations from that authority, they quote the following rule: "The rule recognized in this State is that 'where the description * * * is consistent, but incomplete, and its completion does not require the contradiction or alteration of that given, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property.'" This rule was quoted from *Tewksbury* v. *Howard* (1894), 138 Ind. 103, 37 N. E. 355, which the court cites, together with the authorities cited by it. In that case there was an omission of the county and state though the description by the part of the section, and the township and range was complete. It was held

that there was but one such location in the state, and that the tract described might be identified as within the state. That authority cites *Colerick* v. *Hooper* (1852), 3 Ind. 316, 56 Am. Dec. 505, in which the real estate was described as "my lot—on plat in South Bend —on river bank," and it was held that parol evidence was admissible to point out the lot.

In *Torr* v. *Torr* (1863), 20 Ind. 118, the range was omitted, but the name of the owner was given who owned no land in any other range, and it was held that the land might be identified by parol.

In *Guy* v. *Barnes* (1867), 29 Ind. 103, the description (24 Ind. 345) was "sixty acres of land north of state road leading from Martinsville to Gosport, three-quarters of a mile north of Anderson Thompson's residence, the west end of one hundred and twenty acres," and it was held that the land might be identified by parol, though a new description could not be supplied.

In *Maggart* v. *Chester* (1853), 4 Ind. 124, parol evidence was admitted to show that a house was on the land as it simply identified the property.

In *Calton* v. *Lewis* (1889), 119 Ind. 181, 21 N. E. 475, the name of the state which was omitted from the description, but which appeared in the beginning of the deed, was proved by parol, the court stating the rule to be in such case that the inquiry is whether a surveyor could take the deed and ascertain from an inspection of it where the land is located so that he could mark out the tract by going on the land, from the references and description contained therein.

The foregoing cases are sufficient to illustrate the general class of cases in which parol evidence has been heard for the purpose of completing the description, and identifying the property.

But there is one class of cases in which such evidence has not been heard.

In *Porter* v. *Byrne* (1858), 10 Ind. 614, 71 Am. Dec. 305, the sheriff levied an attachment on "one-half of lot 60, in the town of Evansville," without designating the particular one-half. It was held that the proceeding in attachment was void because of the uncertainty of the description and that parol evidence was inadmissible to identify it.

In *White* v. *Hyatt* (1872), 40 Ind. 385, the description in a mortgage was as follows: "A part of the northeast quarter of section 19, township 7, range 12 east, containing 97 17/25 acres; also a part of the southwest quarter of section 18, township 7, range 12 east, containing about 33 acres; being the same land this day deeded by the same Hyatt, as executor of Thomas Davis, to said White, and being more fully described in said deed," was held to be too indefinite. The court said 97 acres and a fraction of an acre somewhere in a quarter section which contained 160 acres is too indefinite a description to enable the sheriff to sell or the purchaser to buy.

In *City of Crawfordsville* v. *Irwin* (1874), 46 Ind. 438, the description in a mechanic's lien was: "A part of lot 3, section 36, township 33, range 4 west, containing five acres, situated in Starke county, and State of Indiana,"—and it was held void for uncertainty. The court says it contains a patent ambiguity in not defining the particular part of lot 3 intended, and there is nothing in the description by which the part intended can be ascertained and rendered certain.

In *Baldwin* v. *Kerlin* (1874), 46 Ind. 426, the description in controversy was 640 acres of land in Anderson county, Kansas. The court says: "There is no description of the land, nor is there any mode agreed upon by which the lands intended can be identified and described. It is not described as the land owned in the county named by Baldwin and Payne, nor as such land

as they, or some other person named, might select out of the lands owned by them; but simply 640 acres, without any description or mode of selection.  *  *  *  To permit parol proof to show what land was intended, or to permit Baldwin and Payne to select any lands they pleased, would be to make a new and different contract for the parties." It was held that the description could not be aided or the property identified by parol, and that the court committed no error in sustaining the demurrer to the complaint. The court held in that case that parol evidence was inadmissible, first, to describe the real estate, and then to apply the description.

In *Lewis* v. *Owen* (1878), 64 Ind. 446, the description in the deed was as follows: "Part of lot No. 78, in the Eastern Enlargement of the Town  *  *  *  of Greencastle, containing one-fourth (¼) of an acre, and bounded as follows, to wit: On the west side by the lot formerly owned by Robert Turner, on the north side by the lot formerly owned by John H. Bellamy, on the east by Wm. Atherton, and on the south by Hannah street, in Putnam county, State of Indiana,"—was held to be void for uncertainty in the description of the premises.

In *Pulse* v. *Miller* (1881), 81 Ind. 190, the description of certain lands in a contract of conveyance was: "Certain lands situate in Liberty township, Shelby county, Indiana,"—and it was held that, the land not being so described as to be capable of identification the agreement was within the statute of frauds.

In *Weaver* v. *Shipley* (1891), 127 Ind. 526, 27 N. E. 146, it was held that a lease of a tract of land described as "the three-cornered tract" in a certain described tract was void, and the description of such three-cornered tract could not be supplied by parol evidence. The court says: "The description of the 'three-cornered tract' of land seems to be so deficient as to require an

entirely new description to identify the land, and this can not be furnished by parol evidence, as it will be substantially the making of a new contract by parol, which is forbidden by the statute of frauds."

It will readily be seen that there are two lines of cases, the one line containing descriptions that are consistent but incomplete, and that such descriptions may be

1. completed, and the land identified, without introducing a new description; while in the other line of cases the description cannot be completed and the land identified, without making a new description and a new contract for the parties.

The case of *Ryan* v. *Frey*, 76 Ind. App. 422, 132 N. E. 376, is illustrative of the two classes of cases. As was said above, courts will never permit parol evidence to be given, first to describe land, and then to apply the description. The description involved in this case clearly belongs to the latter class. The 43.62 acres cannot be located in the sub-division to which it belongs. Its shape cannot be determined. It appears that the land consists of two tracts, and in order to describe them two new descriptions must be supplied. It is not disclosed as to who the owner of these lands was at the time of the contract.

Appellants insist that the description will be aided by the use of the abstract, but it does not appear that the

2. abstract was in existence at the time of the contract, and no reference could be made to it for identification. The contract must be valid at the time of its execution.

Appellants' objection to the complaint was well taken. The judgment is reversed, with instructions to the trial court to sustain the demurrer to the complaint.

Remy, J., and McMahan, J., dissent.

DISSENTING OPINION.

REMY, J.—The provisions of the contract under consideration which are material to a proper determination of the question presented by this appeal, are as follows: "State of Indiana, Johnson county—ss.: This indenture witnesseth, that Thomas B. Thompson and Ida M. Thompson his wife, of said county and State, hereby sell and agree to convey to William S. Griffith, of said county and State, on the terms and conditions hereinafter stated, the following described real estate in Johnson county, Indiana, to wit: * * * "Part of the west half of the northeast quarter of section 22-12-3, containing 43.62 acres more or less. * * * And the said Thompson further agrees to deliver to the said Griffith an abstract of title for said real estate, completed to date, showing a marketable title thereto in the name of said Thompson and wife. The said Thompson hereby reserves all corn now growing on the premises, together with the right to re-enter the same and to harvest and remove said corn at the proper season of the present year. * * * And the said Thompson further reserves the farm bell now on said premises and the telephone in the house situate thereon."

As I view it, the question involved in this appeal is not, as assumed by this court in the prevailing opinion, the sufficiency of the description of the real estate as set forth in the words, "part of the west half of the northeast quarter of section 26-12-3, containing 43.62 acres more or less." The question is whether from those words, taken in connection with other provisions of the contract, and with the situation of the parties and the surrounding circumstances, as averred in the complaint, the land may be identified.

"It is well established that less formality of description is required in a contract of sale than is necessary in a conveyance. The contract sufficiently described

the real estate if it refers to something which is certain or *otherwise provides the means of identification."* 39 Cyc 1224, and cases cited. See, also, *Stevens* v. *Flannagan* (1892), 131 Ind. 122, 30 N. E. 898. In the case of *Emshwiller* v. *Tyner* (1896), 16 Ind. App. 133, 136, 44 N. E. 811, 812, this court states the rule to be: "If the contract be to convey a certain number of acres out of another larger tract, the location of the grant to be determined in the future and the method of the ascertainment pointed out, the contract is valid and may be enforced." Where a written memorandum for the sale of real estate contains all the facts of the contract except such as may be proved by parol, the instrument is sufficiently certain to be enforced. *Colerick* v. *Hooper* (1852), 3 Ind. 316, 56 Am. Dec. 505; *Howard* v. *Adkins* (1906), 167 Ind. 184, 78 N. E. 665. Pomeroy, in his work on contracts, §227, note, lays down the following rule: "The situation of the parties and the surrounding circumstances when the contract was made can be shown by parol evidence, so that the court may be placed in the position of the parties themselves." See, also, *Preble* v. *Abrahams* (1891), 88 Cal. 245, 26 Pac. 99, 22 Am. St. 301, L. R. A. 1916C 1127. By the citation of *Colerick* v. *Hooper, supra,* with approval, the court in the prevailing opinion, apparently concedes that the memorandum would have been sufficiently definite if the land to be conveyed had been described by appellants as *"our* 43.62 acres of land located in the west half of the southeast quarter of section 22, township 12 north, range 3." At any rate, many decisions of the courts of appeal of this state so hold. *Craven* v. *Butterfield, Rec.* (1881), 80 Ind. 503, 511; *Ames* v. *Ames* (1910), 46 Ind. App. 597, 91 N. E. 509; *Howard* v. *Adkins, supra.* In an action of this character it is not necessary to the sufficiency of the complaint to allege that appellant had only one tract of land answering the description in the con-

tract.  That would be a matter of defense.  *Howard*
v. *Adkins, supra.*

In the light of the above rules and principles, it seems
clear that the memorandum under consideration is suffi-
ciently definite.  It will be observed that the memo-
randum locates the tract in the west half of a certain
section of land in Johnson county, Indiana, and provides
that Thompson shall furnish an abstract, *completed to
date,* showing a marketable title *in himself and wife.*
Thus is furnished a means of a positive identification of
the land, since the court will take judicial notice that an
abstract of title is an abstract of the deed records in
the office of the county recorder.  That the abstract may
not have been in existence at the time memorandum was
executed is not material.  Under the complaint which
sets forth the memorandum and an accurate description
of the real estate, the record itself would be admissible
in evidence, as would the facts that appellants were in
possession of and cultivating the land, and had raised
the crops, and were using the bell and telephone, which
were reserved by them.  Of course they owned the land
at the time and were in possession thereof, or they would
not have agreed to furnish an abstract, *completed to
date,* showing a marketable title *in themselves,* and there
would have been no agreement that they might *re-enter*
for the purpose of removing the property reserved.
Such would be the only legitimate inferences.  The
term "re-entry" has been defined as:  "The resumption
of possession pursuant to a right reserved when the for-
mer possession was parted with."  7 Words and
Phrases, (1st ed.) 6026; *Michaels* v. *Fishel* (1902), 169
N. Y. 381, 62 N. E. 425, 427.  The only objection that
can reasonably be urged against the description of the
real estate set forth in the memorandum is that it is
incomplete.  Its completion by reference to the record,
or to an abstract from the record, and by evidence as to

the situation of the parties and the surrounding circumstances, does not in the least require a contradiction of the description given. It follows that the case at bar falls within the rule of the Colerick, Cravens, Ames and Howard cases, *supra.* It may also be said that the familiar maxim of the law, "That is certain which can be reduced to a certainty," is applicable.

In my opinion the trial court did not err in overruling the demurrer to the complaint.

McMahan, J., concurs in the dissenting opinion.